**LAW OFFICES OF MICHAEL A. SCAFIDDI**
**MICHAEL A. SCAFIDDI, ESQ.    (SBN: 188567)**
**MEGAN E. SCAFIDDI, ESQ.    (SBN: 287506)**
432 North Arrowhead Avenue
San Bernardino, CA 92401
Telephone:    (909) 381-1000
Facsimile:    (909) 381-1077

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA SMITH, an individual and Successor in Interest to the ESTATE OF RYAN JOSEPH SMITH, deceased, and WARREN SMITH, an individual and Successor in Interest to the ESTATE OF RYAN JOSEPH SMITH, deceased,<br><br>               Plaintiffs,<br><br>vs.<br><br>CITY OF RIVERSIDE, a political subdivision of the State of California, and DOES 1 TO 50, inclusive,<br><br>               Defendants. | CASE NO. :<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. DEPRIVATION OF CIVIL RIGHTS [U.S.C. SECTION 42; U.S.C. SECTION 1983];<br>2. WRONGFUL DEATH;<br>3. SURVIVORSHIP;<br>4. NEGLIGENT TRAINING AND SUPERVISION RESULTING IN DEPRIVATION OF RIGHTS;<br>5. NEGLIGENCE THROUGH INADEQUATE SCREENING<br><br>George E. Brown Federal Building<br>3470 Twelfth Street<br>Riverside, CA 92501-3801<br><br>JURY TRIAL DEMANDED<br>(Fed. Rules Civ. Proc. Rule 38) |

## SUBJECT MATTER JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, §1343(a)(3) and §1343(a)(4) for Deprivation of Civil Rights pursuant to 42 U.S.C. §1983, et seq.

2.    Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought. The Complaint also alleges pendant causes of action for Wrongful Death, Survivorship, Negligent Training and Supervision and Negligence Through Inadequate Screening.

---

1

**COMPLAINT FOR DAMAGES**

3.      Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the fact that the Plaintiffs' causes of action arose in this district where all alleged acts and occurrences took place.

## PERSONAL JURISDICTION

4.      At all times herein mentioned, the conduct giving rise to this action occurred in the City of Riverside, County of Riverside, State of California.

5.      At all times herein mentioned Defendant, CITY OF RIVERSIDE, was a political subdivision of the State of California.

6.      RYAN JOSEPH SMITH is the Decedent, who was killed when a City of Riverside police officer shot him five (5) times in the chest during a traffic stop.

7.      Plaintiffs are ignorant of the true names and capacities of Defendants, sued herein as DOES 1 to 50, inclusive, and, therefore, sues these Defendants by such fictitious names.  Plaintiffs will amend this Complaint to allege their true names and capacities when they have been ascertained.

8.      At all times herein mentioned, each of the Defendants was an agent, servant or employee of each of the remaining Defendants and was at all times herein acting within the purpose or scope of said agency or employment, and was acting with the express or implied knowledge, permission or consent of the remaining Defendants, and each of them.

## FACTS RELATING TO GOVERNMENT CLAIM

9.      A Claim pursuant to California Government Code sections 900 et seq. was filed by Plaintiff, ANGELA SMITH, and was timely served on the City of Riverside. A copy of the claim filed by Plaintiff, ANGELA SMITH, which was served on the City of Riverside is attached hereto as **Exhibit "A"** and incorporated herein by reference.

10.     A Claim pursuant to California Government Code sections 900 et seq. was timely filed by Plaintiff, WARREN SMITH, and was timely served on the City of Riverside.  A copy of the claim filed by Plaintiff, WARREN SMITH, which was served on the City of Riverside is attached hereto as **Exhibit "B"** and incorporated herein by reference.

11.     The claim that was filed by Plaintiff ANGLA SMITH against the City of Riverside was formally rejected in writing by City Clerk Donesia Gause on June 24, 2024. A copy of the rejection letter from the City of Riverside is attached hereto as **Exhibit "C"** and incorporated herein by reference.

12.     The claim that was filed by Plaintiff WARREN SMITH against the City of Riverside was formally rejected in writing by City Clerk Donesia Gause on June 24, 2024. A copy of the rejection letter from the City of Riverside is attached hereto as **Exhibit "D"** and incorporated herein by reference.

## FACTS COMMON TO ALL CAUSES OF ACTION

13.     This lawsuit is based on an incident that occurred on or about December 6, 2023, in the City of Riverside, County of Riverside, State of California, where the instant police shooting occurred. In this incident, the CITY OF RIVERSIDE police officers shot Decedent, RYAN JOSEPH SMITH five times in his chest, killing him. This incident occurred when police confronted Decedent, RYAN JOSEPH SMITH during an attempted traffic stop.

14.     The CITY OF RIVERSIDE posted an Incident Report on social media which includes videos of the incident taken by the CITY OF RIVERSIDE police officers' body worn cameras.

15.     Two CITY OF RIVERSIDE police officers were present at the scene of the fatal shooting. The identity of the CITY OF RIVERSIDE police officer (hereinafter referred to as "CONTACT OFFICER") that approached the driver's side of Decedent, RYAN JOSEPH SMITH's stopped automobile is not known by the Plaintiffs at this time.

16.     The identity of the second officer (hereinafter referred to as the "COVER OFFICER") that was present at the scene of the fatal shooting is not known by the Plaintiffs at this time. The COVER OFFICER was standing at the rear of Decedent, RYAN JOSEPH SMITH's stopped vehicle while the CONTACT OFFICER spoke with Decedent, RYAN JOSEPH SMITH.

/ / / / /

/ / / / /

/ / / / /

**COMPLAINT FOR DAMAGES**

17.     Video recordings of the incident were made by the CONTACT OFFICER's body worn camera and the COVER OFFICER's body worn camera, and from other sources. The video shows the COVER OFFICER approaching Decedent, RYAN JOSEPH SMITH's stopped vehicle, looking in the passenger front window using his flashlight to illuminate the vehicle's interior.

18.     The video shows that the CONTACT OFFICER gave confusing and conflicting instructions to the Decedent, RYAN JOSEPH SMITH by yelling "Don't you fu– (bleep) reach bro'. Don't you fu– (bleep) . . . turn the car off." The video shows that Decedent, RYAN JOSEPH SMITH, was moving his hands to turn the car off, as he was instructed to do.  Decedent, RYAN JOSEPH SMITH was not reaching for a weapon, as the CITY OF RIVERSIDE police officers have alleged.

19.     The video shows that Decedent, RYAN JOSEPH SMITH put his hand up when instructed and was moving his hands to turn off the vehicle as instructed.  Decedent, RYAN JOSEPH SMITH was killed in spite of his efforts to comply with the confusing and conflicting instructions.

20.     The video shows that the COVER OFFICER told Decedent, RYAN JOSEPH SMITH to turn the car off and then almost immediately fired five (5) gun shots from his service weapon into Decedent's torso, resulting in his subsequent death.

21.     The video also shows that although the COVER OFFICER exclaims that there is a gun and raised his weapon at about the same time, the CONTACT OFFICER had already holstered his gun and walked calmly around the back of the vehicle. The actions of the CONTACT OFFICER prove that there was no imminent threat to anyone immediately prior to the COVER OFFICER firing into Decedent, RYAN JOSEPH SMITH's body.

22.     Decedent, RYAN JOSEPH SMITH was never gang affiliated, and Plaintiff father, Plaintiff, WARREN SMITH, avers that he has no knowledge that Decedent, RYAN JOSEPH SMITH was ever involved with or associated with a gang.

23.     On December 6, 2023, the day that Decedent, RYAN JOSEPH SMITH was shot, he was headed home and the shooting took place outside the apartment complex where he was staying. Decedent, RYAN JOSEPH SMITH was not violating any traffic laws while he was sitting in his car

at the gate of the apartment complex when the police arrived on the scene. At that time, Decedent, RYAN JOSEPH SMITH was visiting with his girlfriend, who was the person on the lease for the apartment complex where the killing took place. Decedent, RYAN JOSEPH SMITH worked as a laborer in the kitchen at Claremont College, and also did some freelance tattoo artwork.

**FIRST CAUSE OF ACTION**

Deprivation of Civil Rights
[U.S.C.42 U.S.C. § 1983]
(As to all Defendants)

24.     Plaintiffs hereby incorporate Paragraphs 1 to 23 by reference as if set forth in their entirety.

25.     The police shooting and killing of Decedent, RYAN JOSEPH SMITH, was committed by persons acting under color of state law because Defendants and each of them were officials of the Defendant, CITY OF RIVERSIDE at all relevant times.

26.     The police shooting and killing of Decedent, RYAN JOSEPH SMITH, resulted in the deprivation of Decedent, RYAN JOSEPH SMITH's Fourth and Fifth Amendment Constitutional rights and federal statutory rights.

27.     The COVER OFFICER and the CONTACT OFFICER personally participated in Decedent, RYAN JOSEPH SMITH's deprivation of civil rights.

28.     At all relevant times, Decedent, RYAN JOSEPH SMITH was an arrested or detained person who had been deprived of his constitutional rights through the use of excessive force during an arrest by a state or local official under color of state law, ordinance, regulation, custom, or usage.

29.     The CITY OF RIVERSIDE police department at all relevant times had the power to make policies and is responsible for acquiescence to the CITY OF RIVERSIDE police department's well-settled custom of using excessive force when conducting investigatory stops of citizens. This custom was so widespread that a decision maker must have known about it but instead turned a blind eye to an obviously inadequate practice that was likely to result in the violation of constitutional rights.

/ / / / /

30.     The policies and customs of the CITY OF RIVERSIDE, which do not discourage using excessive force when conducting investigatory stops, were the moving force behind the alleged constitutional and federal statutory rights violations, and therefore caused the violation of Decedent, RYAN JOSEPH SMITH's rights.

31.     The COVER OFFICER and the CONTACT OFFICER used excessive force in the course of making an arrest, investigatory stop, or other seizure of the person, in violation of the objective reasonableness standards of the Fourth Amendment.

32.     The countervailing governmental interests do not outweigh the intrusion on Decedent, RYAN JOSEPH SMITH's rights.

33.     The actions of the COVER OFFICER and the CONTACT OFFICER during the fatal incident were not reasonable when judged from the perspective of a reasonable officer on the scene and the exigencies of the moment.

34.     The intrusion into Decedent, RYAN JOSEPH SMITH's rights was absolute. The officers killed Decedent, RYAN JOSEPH SMITH, depriving him of all rights for eternity. The exigencies of the situation did not demand immediate arrest.

35.     The Incident Video contends that there was an arrest warrant or warrants outstanding for Decedent, RYAN JOSEPH SMITH's arrest. But even if that were true, the CONTACT OFFICER and the COVER OFFICER did not know that until after the shooting. Having an outstanding arrest warrant does not justify a lethal response.

36.     Decedent, RYAN JOSEPH SMITH was deprived of his civil rights when the COVER OFFICER and the CONTACT OFFICER detained and sought to arrest Decedent, RYAN JOSEPH SMITH, when the Decedent, RYAN JOSEPH SMITH was parked in his vehicle. The video released and posted by the CITY OF RIVERSIDE shows that the CONTACT OFFICER gave confusing and conflicting instructions to Decedent, RYAN JOSEPH SMITH, yelling "Don't you fu– (bleep) reach bro'. Don't you fu– (bleep) . . . turn the car off."

47.     The video shows that immediately before Decedent, RYAN JOSEPH SMITH was shot by the COVER OFFICER, Decedent, RYAN JOSEPH SMITH was moving his hands to turn the car off, as he was instructed to do, and was not reaching for a weapon.

48.     The Incident Video shows the COVER OFFICER yelling commands to Decedent, RYAN JOSEPH SMITH while the CONTACT OFFICER appears calm. Decedent, RYAN JOSEPH SMITH, in the moments when and immediately after the CITY OF RIVERSIDE police officers arrived, did not pose any threat to the CITY OF RIVERSIDE police officers or anyone else.

49.     The use of force shown in the Incident Video was excessive. The instructions to "don't reach turn off the car" were imprecise and confusing. Decedent, RYAN JOSEPH SMITH could not turn off the car without appearing to reach as Decedent, RYAN JOSEPH SMITH was instructed to do.

50.     Very little time elapsed between the time the COVER OFFICER shouted instructions and when the COVER OFFICER fired five rounds into Decedent, RYAN JOSEPH SMITH's chest, subsequently killing him. Decedent, RYAN JOSEPH SMITH had no chance to comply with the shouted instructions. To comply with the instruction to turn off the car, Decedent, RYAN JOSEPH SMITH was required to reach. If he reached, he would be executed. Decedent, RYAN JOSEPH SMITH had no possible way to comply with the COVER OFFICER's demands in the fraction of a second that elapsed between the shouted instructions and the officer's hail of gunfire. The COVER OFFICER gave Decedent, RYAN JOSEPH SMITH instructions that could be used by he COVER OFFICER to justify his decision to shoot Decedent, RYAN JOSEPH SMITH regardless of how Decedent, RYAN JOSEPH SMITH responded to the instructions. If Decedent, RYAN JOSEPH SMITH tried to follow the instruction to "don't you fu– (bleep) reach bro' ", Decedent, RYAN JOSEPH SMITH could not follow the instruction to "turn the car off". If Decedent, RYAN JOSEPH SMITH did not follow the instruction to turn off the car, the COVER OFFICER could also justify the shooting by arguing that Decedent, RYAN JOSEPH SMITH tried to run the COVER OFFICER over.  Decedent, RYAN JOSEPH SMITH was dead if he did and dead if he didn't follow the COVER OFFICER's confusing and conflicting instructions.

51.     Plaintiffs and each of them contend that the COVER OFFICER violated Decedent, RYAN JOSEPH SMITH's constitutional rights and that the CONTACT OFFICER is liable for that violation because the CONTACT OFFICER failed to intervene to stop the COVER OFFICER from violating Decedent, RYAN JOSEPH SMITH's rights endowed by the Fourth and Fifth Amendment

of the United States Constitution to ensure that no person is deprived of life, liberty, or property, without due process of law.

52.     The COVER OFFICER violated Decedent, RYAN JOSEPH SMITH's constitutional rights by shooting him five (5) times in the chest, subsequently killing him.

53.     The CONTACT OFFICER had a duty to intervene because police officers have a duty to intervene to prevent the use of excessive force by a fellow officer.

54.     THE CONTACT OFFICER had a reasonable opportunity to intervene.

55.     THE CONTACT OFFICER failed to intervene.

## SECOND CAUSE OF ACTION

Wrongful Death
(as to all Defendants)

56.     Plaintiffs hereby incorporate Paragraphs 1 to 55 herein by reference as if set forth in their entirety.

57.     On or about December 6, 2023 Defendants, CITY OF RIVERSIDE, and DOES 1 to 50 and each of them, undertook to arrest and seize the body of Decedent, RYAN JOSEPH SMITH.

58.     At said time and place, as aforesaid, Defendants, and each of them, so negligently, carelessly, recklessly, wantonly, and unlawfully by use of excessive force, directly and proximately caused death to Decedent, RYAN JOSEPH SMITH by shooting Decedent, RYAN JOSEPH SMITH when the COVER OFFICER shot Decedent, RYAN JOSEPH SMITH five times in his chest with the COVER OFFICER's service weapon.

59.     At all times herein mentioned, Plaintiffs and each of them were the parents of Decedent, RYAN JOSEPH SMITH, and sole and surviving heirs, and this claim is brought for the benefit of said heirs. Decedent, RYAN JOSEPH SMITH was born on February 24, 1997.  At the time of his death, Decedent, RYAN JOSEPH SMITH was 26 years of age.

/ / / / /

/ / / / /

/ / / / /

**COMPLAINT FOR DAMAGES**

60.     As a direct and proximate result of the negligence, carelessness, recklessness, wantonness and unlawfulness of the Defendants, and each of them, CITY OF RIVERSIDE police officers caused Decedent, RYAN JOSEPH SMITH's death. Decedent, RYAN JOSEPH SMITH was killed as a result of the fatally excessive force used.

61.     As a direct and proximate result of the conduct of the Defendants, and each of them, and of the death of Decedent, RYAN JOSEPH SMITH, Plaintiffs and each of them have been deprived of the society and comfort of Decedent, RYAN JOSEPH SMITH and of Decedent, RYAN JOSEPH SMITH's future services, earnings and protection, to their great loss and damage in an amount to be shown according to proof.

62.     As a direct and proximate result of the conduct of Defendants, and each of them, and the resulting death, as aforesaid, Plaintiffs and each of them, have been compelled to incur expenses as well as other special damages, all to the damage of these Plaintiffs, in an amount to be shown according to proof.

### THIRD CAUSE OF ACTION

Survivorship
(As to all Defendants)

63.     Plaintiffs hereby incorporate Paragraphs 1 to 62 herein by reference as if set forth in their entirety.

64.     At all times herein mentioned, Decedent, RYAN JOSEPH SMITH survived for approximately two (2) hours from the time of shooting to the time of his death. Accordingly, all causes of action survive his death. As such, the Plaintiffs and each of them have the right to bring this action for and on behalf of Decedent, RYAN JOSEPH SMITH as his legal and lawful heirs.

65.     As a direct and legal result of the carelessness and excessive force used by the Defendants as more particularly set forth herein, and the death that ensued, the Plaintiffs have sustained severe, permanent, and emotional injuries resulting in their general damage in an amount to be determined according to proof at the time of trial.

/ / / / /

**COMPLAINT FOR DAMAGES**

66.     As a further direct and legal result of the carelessness and excessive force used by Defendants as more particularly set forth herein, and the death that ensued, the Plaintiffs have suffered general and/or compensatory damages arising from the loss of love, society, comfort, affection, companionship, attention, protection, and family bonds all in an amount to be determined according to proof at the time of trial.

67.     As a further direct and legal result of the carelesssness and excessive use of force of Defendants as more particularly set forth herein, and the death that ensued, the Plaintiffs have incurred funeral and memorial expenses, all to their economic and/or special damage in an amount to be determined according to proof at the time of trial.

## FOURTH CAUSE OF ACTION

Negligent Training and Supervision Resulting in Deprivation of Rights
(by all Plaintiffs as to all Defendants)

68.     Plaintiffs hereby incorporate Paragraphs 1 to 68 by reference as if set forth in their entirety.

69.     Defendant, CITY OF RIVERSIDE's training program was inadequate to train its police officer employees to carry out their duties.

70.     Defendant, CITY OF RIVERSIDE failed to adequately supervise its police officer employees.

71.     Defendant, CITY OF RIVERSIDE's failure to adequately train and adequately supervise their police officer employees amounted to a deliberate indifference to the fact that such inaction would obviously result in the violation of Decedent, RYAN JOSEPH SMITH's Fourth, Fifth, and Fourteenth Amendment rights.

72.     Defendant, CITY OF RIVERSIDE's failure to adequately train and adequately supervise their police officer employees proximately caused the violation of Decedent, RYAN JOSEPH SMITH's Fourth and Fifth amendment rights.

/ / / / /

/ / / / /

**COMPLAINT FOR DAMAGES**

73.     Defendant, CITY OF RIVERSIDE failed to, among other things, develop, implement, and enforce policies regarding the proper supervision and training of its employees responsible for patrolling the City of Riverside as Deputies.

74.     Defendant, CITY OF RIVERSIDE acted with a conscious disregard for the safety of the public when they knowingly allowed the CONTACT and COVER OFFICERS that responded to the call that resulted in Decedent, RYAN JOSEPH SMITH's death, to conduct uniformed armed patrol and police duties.

75.     As a direct and legal result of the carelessness, and/or recklessness, and/or negligence of Defendants, and each of them, Plaintiffs and each of them have suffered and continue to suffer from severe emotional distress, all to their general damage in a sum to be determined according to proof at the time of trial.

76.     As a direct and legal result of the carelessness, and/or recklessness, and/or negligence of Defendants, and each of them, Plaintiffs and each of them incurred, and will continue to incur in the future, reasonable and necessary medical expenses for their emotional distress, all to Plaintiffs' special damages in a sum to be determined according to proof at the time of trial.

77.     Defendant, CITY OF RIVERSIDE's failure to adequately train and adequately supervise the COVER OFFICER and the CONTACT OFFICER proximately caused the violation of Decedent, RYAN JOSEPH SMITH's federal rights because Defendant, CITY OF RIVERSIDE's deliberate indifference to the implied policy to use excessive force when making investigatory traffic stops directly caused the deprivation of Decedent, RYAN JOSEPH SMITH's rights pursuant to the Fourth and Fifth Amendments of the United States Constitution.

78.     The conduct of the CONTACT OFFICER and COVER OFFICER was intentional, malicious, despicable, and done with a conscious disregard for the safety of the Decedent, RYAN JOSEPH SMITH.  Accordingly, the Plaintiffs may seek an award of punitive damages, all in a sum to be determined according to proof at the time of trial.

/ / / / /

/ / / / /

/ / / / /

**COMPLAINT FOR DAMAGES**

# FIFTH CAUSE OF ACTION

### Negligence Through Inadequate Screening
### (by all Plaintiffs as to all Defendants)

79.     Plaintiffs hereby incorporate Paragraphs 1 to 78 by reference as if set forth in their entirety.

80.     Defendant, CITY OF RIVERSIDE failed to check adequately the COVER OFFICER's background when hiring him or her.

81.     Defendant, CITY OF RIVERSIDE failed to check adequately the CONTACT OFFICER's background when hiring him or her.

82.     Defendant, CITY OF RIVERSIDE's failure to check adequately the COVER OFFICER's background amounted to deliberate indifference to the risk that a violation of Decedent RYAN JOSEPH SMITH's Fourth and Fifth Amendment rights would follow the hiring decision.

83.     Defendant, CITY OF RIVERSIDE's failure to check adequately the CONTACT OFFICER's background amounted to deliberate indifference to the risk that a violation of Decedent, RYAN JOSEPH SMITH's Fourth and Fifth Amendment rights would follow the hiring decision.

84.     Defendant, CITY OF RIVERSIDE's failure to check adequately the CONTACT OFFICER's background proximately caused the violation of Decedent, RYAN JOSEPH SMITH's Fourth and Fifth Amendment's rights.

85.     Defendant, CITY OF RIVERSIDE's failure to check adequately the COVER OFFICER's background proximately caused the violation of Decedent, RYAN JOSEPH SMITH's Fourth and Fifth Amendment's rights.

86.     Adequate scrutiny of the COVER OFFICER's background would have led a reasonable policymaker to conclude that it was obvious that hiring the COVER OFFICER would lead to the particular type of constitutional violation that Plaintiffs allege, namely violation of Decedent, RYAN JOSEPH SMITH's Fourth and Fifth amendment rights.

87.     Defendant, CITY OF RIVERSIDE's deliberate indifference led directly to Decedent, RYAN JOSEPH SMITH's deprivation of civil rights under the Fourth and Fifth Amendments of the United States Constitution.

**COMPLAINT FOR DAMAGES**

WHEREFORE, Plaintiffs and each of them pray for judgment against Defendants, and each of them, as follows:

**As to the first, fourth and fifth causes of action:**

1.     General damages for emotional and mental harm to Plaintiffs during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm Plaintiffs are reasonably certain to experience in the future;

2.     The reasonable value of the psychological care and supplies that Plaintiffs reasonably needed and actually obtained, and the present value of such care and supplies that Plaintiffs are reasonably certain to need in the future;

3.     The wages, salary, profits, reasonable value of the working time that Plaintiffs have lost because of their inability or diminished ability to work, and the present value of the wages, salary and profits that Plaintiffs are reasonably certain to lose in the future because of their inability or diminished ability to work;

4.     The reasonable value of property damaged or destroyed.

5.     The reasonable value of legal services that Plaintiffs reasonably needed and actually expended to prosecute this lawsuit;

6.     The cost of suit;

7.     For such other and further relief that the court may deem proper.

**As to the second cause of action:**

1.     For general damages according to proof;

2.     For funeral and burial expenses for Decedent, RYAN JOSEPH SMITH according to proof;

3.     For interest on all economic damages in the legal amount from the date of death of Decedent, RYAN JOSEPH SMITH, to the date of judgment;

4.     For costs of suit herein incurred; and

5.     For such other and further relief as the court may deem proper.

/ / / / /

/ / / / /

**COMPLAINT FOR DAMAGES**

**As to the third cause of action:**

1.    For medical and related expenses according to proof;

2.    For loss of earnings according to proof;

3.    For damages to personal property;

4.    For punitive damages;

5.    For damages for pain, suffering, and disfigurement of Decedent, RYAN JOSEPH SMITH;

6.    For costs of suit herein incurred; and

7.    For such other and further relief as the court may deem proper.

DATED: November 18TH, 2024        LAW OFFICES OF MICHAEL A. SCAFIDDI

By: _____
MICHAEL A. SCAFIDDI, ESQ.
Attorney for Plaintiffs

---

14

**COMPLAINT FOR DAMAGES**

# EXHIBIT "A"

**CITY OF RIVERSIDE**

FILE WITH:

City Clerk's Office
City of Riverside
3900 Main Street
Riverside, CA 92522

# CLAIM FOR DAMAGES

### TO PERSON OR PROPERTY

RESERVE FOR FILING STAMP

RECEIVED

MAY 13 2024

City of Riverside
City Clerk's Office

CC 8:25a.m

### INSTRUCTIONS

1. Claims for death, injury to person or to personal property must be filed not later than six (6) months after the occurrence. (Gov. Code Sec. 911.2.)
2. Claims for damages to real property and claims for monies purportedly owed by the City such as refunds and contract damages (Loss) must be filed not later than one (1) year after the occurrence. (Gov. Code Sec. 911.2; Chapter 1.05, Riverside Municipal Code.)
3. Read entire claim form before filing.
4. See page 2 for diagram upon which to locate place of accident.
5. This claim form must be signed on page 2 at bottom.
6. Attach separate sheets, if necessary, to give full details. SIGN EACH SHEET

| TO: CITY OF RIVERSIDE | Date of Birth of Claimant 7/12/1962 |
|---|---|
| Name of Claimant Angela Smith | Occupation of Claimant Warehouse Associate |
| Home Address of Claimant c/o 432 N. Arrowhead Ave., San Bernardino | City, State, and Zip CA 92401 | Home Phone Number (909) 381-1000 |
| Business Address of Claimant | City, State, and Zip | Business Phone Number |

| Give address and telephone number to which you desire notices or communications to be sent regarding this claim: Michael A. Scafiddi, Esq. 432 N. Arrowhead Ave., San Bernardino, CA 92401 | Email dondra@scafiddilaw.com |
|---|---|

| When did DAMAGE, INJURY, or LOSS occur? Date 12/6/2023 Time 1:48 am If claim is for Equitable Indemnity, give date claimant served with the complaint. Date: | Names of any City employees involved in DAMAGE, INJURY, or LOSS See attached Exhibit "A" |
|---|---|

Where did DAMAGE, INJURY, or LOSS occur? Describe fully, and locate on diagram on reverse side of this sheet. Where appropriate, give street names and addresses and measurements from landmarks:

See attached Exhibit "A"

Describe in detail how the DAMAGE, INJURY, or LOSS occurred.

See attached Exhibit "A"

Why do you claim the City is responsible?

See attached Exhibit "A"

Describe in detail each DAMAGE, INJURY, or LOSS

See attached Exhibit "A"

| SEE PAGE 2 (OVER) | THIS CLAIM MUST BE SIGNED ON REVERSE SIDE |
|---|---|

CLAIM NO. _____

The amount claimed, as of the date of presentation of this claim, is computed as follows: *See attached Exhibit "A"*

DAMAGES or LOSS incurred to date (exact):

| | | Estimated prospective DAMAGES or LOSS as far as known: | |
|---|---|---|---|
| Damage to property . . . . . . . . . . . . . . | $_____ | Future medical and hospital expenses . . . . . | $_____ |
| Expenses for medical and hospital care . | $_____ | Future loss of earnings . . . . . . . . . . . . . . . | $_____ |
| Loss of earnings . . . . . . . . . . . . . . . . . | $_____ | Other prospective special damages . . . . . . . | $_____ |
| Special damages for . . . . . . . . . . . . . . | $_____ | Prospective general damages. . . . . . . . . . | $_____ |
| General damages . . . . . . . . . . . . . . . . | $_____ | Total estimated prospective damages . . . . | $_____ |
| Total damages incurred to date . . . . . . | $_____ | | |

Total amount claimed as of date of presentation of this claim: $  *See attached Exhibit "A"*

Was DAMAGE, INJURY, and/or LOSS investigated by police?  *See attached Exhibit "A"*  If so, what agency?_____Report #_____

Were paramedics or ambulance called?_____If so, name agency or ambulance._____

If injured, state date, time, name and address of doctor of your first visit_____

*See attached Exhibit "A"*

WITNESSES to DAMAGE, INJURY, and/or LOSS:  List all persons and addresses of persons known to have information:

Name_____ Address_____ Phone_____

Name_____ Address_____ Phone_____

Name_____ Address_____ Phone_____

DOCTORS and HOSPITALS:

Hospital_____ Address_____ Date(s) Hospitalized_____

Doctor_____ Address_____ Date(s) of Treatment_____

Doctor_____ Address_____ Date(s) of Treatment_____

## READ CAREFULLY

For all accident claims, place on following diagram names of streets, including North, East, south, and West; indicate place of accident by "X" and by showing house numbers or distances to street corners.  If City vehicle was involved, designate by letter "A" location of City Vehicle when you first saw it, and by "B" location of yourself or your vehicle when you first saw City vehicle; location of City vehicle at time of accident by "A-1" and location of yourself or your vehicle at the time of the accident by "B-1" and the point of impact by "X".

NOTE:  If diagrams below do not fit the situation, attach hereto a proper diagram signed by claimant.

SIDEWALK

CURB

PARKWAY
SIDEWALK

CURB

| Signature of Claimant or person filing on his/her behalf giving relationship to Claimant: | Type or Print Name: | Date: |
|---|---|---|
| *[signature]* | Michael A. ScaFiddi, Esq. | 4/30/2024 |

NOTE:  CLAIMS MUST BE FILED WITH CITY CLERK (GOV. CODE SEC. 915a).  Presentation of a false claim is a felony (Pen. Code Sec. 72)

# EXHIBIT "A"

1  LAW OFFICES OF MICHAEL A. SCAFIDDI
   MICHAEL A. SCAFIDDI, ESQ.    (SBN: 188567)
2  MEGAN E. SCAFIDDI, ESQ.    (SBN: 287506)
   432 North Arrowhead Avenue
3  San Bernardino, CA 92401
   Telephone:    (909) 381-1000
4  Facsimile:    (909) 381-1077

5  Attorneys for Claimants

6

7              **CLAIM FOR PERSONAL INJURIES**

8              (Under Government Code Section 910, et seq.)

9  TO:    CITY OF RIVERSIDE

10         YOU ARE HEREBY NOTIFIED that Claimant, WARREN SMITH, Survivor in Interest to

11 RYAN JOSEPH SMITH, Deceased, and ANGELA SMITH, Survivor in Interest to RYAN JOSEPH

12 SMITH, Deceased, who can be reached through their attorneys of record, Law Offices of Michael A.

13 Scafiddi, 432 N. Arrowhead Avenue, San Bernardino, California, 92401, claims damages they

14 suffered in an amount computed as of the date of the presentation of this claim in a sum within the

15 jurisdictional limit of the Superior Court.

16         WARREN SMITH and ANGELA SMITH, the Parents and Survivors in Interest of RYAN

17 JOSEPH SMITH, Deceased, claim damages for deprivation of civil rights, wrongful death, survivor

18 action, and negligent training and hiring that occurred on December 6, 2023 when Ryan was shot and

19 killed by officers who employed improper tactics, participated in an unlawful excessive use of force

20 and violated Ryan's civil rights. All of the claims for damages are within the jurisdictional limit of

21 the Superior Court.

22         This claim is based on an incident that occurred on or about December 6, 2023, in the City of

23 Riverside, County of Riverside, State of California, where the police shooting occurred. Since it was

24 an officer involved shooting, the City is well aware of the underlying facts.

25         The City of Riverside posted an Incident Report on social media which includes videos from

26 the in car camera, the contact officer's body camera and the cover officer's body camera. The video

27 shows the cover officer approaching the Decedent's stopped vehicle looking in the passenger front

28 window using his flashlight to illuminate the vehicle's interior. The video shows that the contact

---

1

**GOVERNMENT CLAIM**

1  officer gave confusing and conflicting instructions to the Decedent, yelling "don't reach turn the car

2  off." It is not clear from the video whether the Decedent was moving his hands to turn the car off, as

3  he was instructed to do, or whether he was reaching for a weapon, as the officers allege. It appears in

4  the video that the Decedent put his hand up when instructed and it appears that the Decedent was

5  moving his hands to turn off the vehicle as instructed. The Decedent was killed in spite of his efforts

6  to comply with the confusing and conflicting instructions. The cover officer tells the Decedent to

7  turn the car off and then fires five (5) shots into Decedent's torso, killing him.

8           It also appears from the video that although the cover officer exclaims that there is a gun and

9  raised his weapon at about the same time, the contact officer appears to have holstered his gun and

10  walked calmly around the back of the vehicle. The actions of the contact officer suggest that there

11  was no imminent threat to anyone immediately prior to the officer firing into Decedent's body.

12           Contrary to the Incident Report which accuses Decedent of being gang affiliated, Claimant

13  WARREN SMITH, Decedent's father, avers that he has no knowledge that Decedent was ever

14  involved or associated with a gang. Decedent did have a lot of tattoos but that is not probative of

15  gang affiliation.

16           On December 6, 2023, the day that Decedent was shot, he was headed home and the incident

17  took place outside the apartment complex where he was staying. Decedent was not violating any law

18  while he was sitting in his car at the gate of the apartment complex when the police arrived on the

19  scene. At that time Decedent was visiting with his girlfriend, who was the person on the lease for the

20  apartment complex where the killing took place. Decedent had difficulty finding employment

21  because of his criminal background.  Decedent worked as a laborer in the kitchen at Claremont

22  College, and hee also did some freelance tattoo artwork.

23

24                              **LEGAL BASIS OF CLAIM**

25           An arrested person who has been deprived of his or her constitutional rights through the use

26  of excessive force during an arrest by a state or local official under color of state law, ordinance,

27  regulation, custom, or usage, may bring an action for damages under Section 1983 of the Civil

28  Rights Act against that official in his or her personal capacity. The arrested person may also bring the

suit against a local official in his or her official capacity or against the municipality itself, when the municipality's policy or custom was the "moving force" behind the alleged constitutional violation.

A Section 1983 action claiming that police officers used excessive force in the course of making an arrest, investigatory stop, or other seizure of the person, is subject to the objective reasonableness standard of the Fourth Amendment, rather than a substantive due process standard or Eighth Amendment analysis. The Fourth Amendment standard involves a balancing of the intrusion on the individual's rights against the countervailing governmental interests. Although reasonableness must be judged from the perspective of the officer on the scene and the exigencies of the moment, the proper test is nevertheless an objective one and does not include consideration of the officer's underlying intent and motive.

Here, the intrusion into the Decedent's rights was absolute. The officer killed the Decedent depriving him of all rights for eternity. The exigencies of the situation did not demand immediate arrest. The Incident Video contends that there was an arrest warrant or warrants for Decedent's arrest, but police did not know that until after the shooting. Having an outstanding arrest warrant does not justify a lethal response.

## DEPRIVATION OF CIVIL RIGHTS

### U.S.C.42 U.S. CODE §1983

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

Here Decedent was deprived of his civil rights when the City of Riverside Police Officers detained Decedent and sought to arrest Decedent when Decedent was parked in his vehicle. The

1  video shows that the contact officer gave confusing and conflicting instructions to Decedent yelling

2  "don't reach, turn the car off."

3      It is not clear from the video whether Decedent was moving his hands to turn the car off, as

4  he was instructed to do, or whether he was reaching for a weapon, as the officers allege.

5      The Incident Video appears to show the cover officer yelling commands to Decedent while

6  the contact officer appears calm as if Decedent did not pose any threat. The use of force shown in the

7  Incident Video was excessive. The instructions to don't reach turn off the car were imprecise and

8  confusing. Very little time elapsed between the time the cover officer shouted instructions and when

9  the cover officer fired five rounds into Decedent's chest, killing him. Decedent had no chance to

10 comply. If Decedent complied with the instruction to turn off the car he was required to reach. If

11 Decedent reached, he would be executed.  Decedent had no possible way to comply with the cover

12 officer's demands in the fraction of a second that elapsed between the shouted instructions and the

13 officer's hail of gunfire.

14

15                              **WRONGFUL DEATH**

16      On or about December 6, 2023, CITY OF RIVERSIDE police officers, and each of them,

17 undertook to arrest and seize the body of Decedent, RYAN JOSEPH SMITH.

18      At said time and place, as aforesaid, CITY OF RIVERSIDE police officers, and each of

19 them, so negligently, carelessly, recklessly, wantonly, and unlawfully by use of excessive force,

20 directly and proximately caused death to the Decedent.

21      At all times herein mentioned, Claimants, WARREN SMITH and ANGELA SMITH were

22 the Decedent's parents and sole heirs and this claim is brought for the benefit of said heirs. Decedent

23 was born on July 8, 1989. At the time of his death, Decedent was 35 years of age, was not married,

24 and did not have any children.

25      As a direct and proximate result of the negligence, carelessness, recklessness, wantonness

26 and unlawfulness of the CITY OF RIVERSIDE police officers, and each of them, CITY OF

27 RIVERSIDE police Officers caused Decedent's death, as aforesaid.  Decedent was killed as a result

28 of the excessive force used.

1       As a direct and proximate result of the conduct of the CITY OF RIVERSIDE police officers,

2   and each of them, and of the death of Decedent, Claimants have been deprived of the society and

3   comfort of said Decedent and of Decedent's future services, earnings and protection, to their great

4   loss and damage in an amount to be shown according to proof.

5       As a direct and proximate result of the conduct of CITY OF RIVERSIDE police officers, and

6   each of them, and the resulting death, as aforesaid, Claimants have been compelled to incur expenses

7   as well as other special damages, all to the damage of these Claimants, in an amount to be shown

8   according to proof.

9

10   **ACTION FOR SURVIVORSHIP**

11       At all times herein mentioned, Decedent survived for approximately two (2) hours from the

12   time of shooting to the time of his death. As such, the Claimants have the right to bring this action

13   for and on behalf of Decedent and his legal and lawful heirs.

14       As a direct and legal result of the carelessness, and excessive force used by the CITY OF

15   RIVERSIDE police officers, as more particularly set forth herein, and the death that ensued, the

16   Claimants have sustained severe, permanent, and emotional injuries resulting in their general damage

17   in an amount to be determined according to proof at the time of trial.

18       As a further direct and legal result of the carelessness, and excessive force used by CITY OF

19   RIVERSIDE police officers as more particularly set forth herein, and the death that ensued, the

20   Claimants have suffered general and/or compensatory damages arising from the loss of love, society,

21   comfort, affection, companionship, attention, protection, and family bonds all in an amount to be

22   determined according to proof at the time of trial.

23       As a further direct and legal result of the carelessness, and excessive use of force of CITY OF

24   RIVERSIDE police officers, as more particularly set forth herein, and the death that ensued, the

25   Claimants have incurred funeral and memorial expenses, all to their economic and/or special damage

26   in an amount to be determined according to proof at the time of trial.

27   /////

28   /////

## NEGLIGENCE CLAIMS

*Civil Code* section 1708 states:

"Every person is bound, without contract, to abstain from injuring the person
  or property of another, or infringing upon any of his or her rights."

*Civil Code* section 1714 states:

"(a)    Everyone is responsible, not only for the result of his or her willful acts,
        but also for an injury occasioned to another by his or her want of
        ordinary care or skill in the management of his or her property or person,
        except so far as the latter has, willfully or by want of ordinary care,
        brought the injury upon himself or herself. The design, distribution, or
        marketing of firearms and ammunition is not exempt from the duty to use
        ordinary care and skill that is required by this section. The extent of
        liability in these cases is defined by the Title on Compensatory Relief."

At all times herein mentioned and prior to January 9, 2014, Defendants CABRERA, LEON,

CITY OF RIVERSIDE had a duty to properly hire, train, and supervise employees, such as

the contact and cover officers that executed Decedent.

CITY OF RIVERSIDE police officers, and each of them, failed to, among other things,

develop, implement, and enforce policies regarding the proper supervision and training of its

employees responsible for patrolling the CITY OF RIVERSIDE.

In addition, CITY OF RIVERSIDE police officers, and each of them acted with a conscious

disregard for the safety of the motoring public when they knowingly allowed the contact and cover

officers that executed Decedent to conduct uniformed armed patrol and police duties.

CITY OF RIVERSIDE police officers, and each of them, acted with a conscious disregard for

the safety of the public when they knowingly allowed the contact and cover officers that executed

Decedent to conduct uniformed armed patrol and police duties.

As a direct and legal result of the carelessness, and/or recklessness, and/or negligence of

CITY OF RIVERSIDE police officers, and each of them, Claimants suffered from severe emotional

distress, all to Claimants' general damage in a sum to be determined according to proof at the time of

trial.

As a direct and legal result of the carelessness, and/or recklessness, and/or negligence of

CITY OF RIVERSIDE police officers, and each of them, Claimants incurred, reasonable and

/ / / / /

1    necessary medical expenses, all to Claimants' special damages in a sum to be determined according

2    to proof at the time of trial.

3         The conduct of the contact and cover officers was intentional, malicious, despicable, and

4    done with a conscious disregard for the safety of the of the Decedent. Accordingly, the Claimants

5    may seek an award of punitive damages, all in a sum to be determined according to proof at the time

6    of trial.

7

8    DATED: April 30, 2024               LAW OFFICES OF MICHAEL A. SCAFIDDI

9

10                        By: _____

11                            MICHAEL A. SCAFIDDI, ESQ.

# EXHIBIT "B"

**CITY OF RIVERSIDE**

FILE WITH:

City Clerk's Office
City of Riverside
3900 Main Street
Riverside, CA 92522

# CLAIM FOR DAMAGES

### TO PERSON OR PROPERTY

RESERVE FOR FILING STAMP

RECEIVED

MAY 13 2024

City of Riverside
City Clerk's Office

CC 8-252 m

### INSTRUCTIONS
1. Claims for death, injury to person or to personal property must be filed not later than six (6) months after the occurrence. (Gov. Code Sec. 911.2.)
2. Claims for damages to real property and claims for monies purportedly owed by the City such as refunds and contract damages (Loss) must be filed not later than one (1) year after the occurrence. (Gov. Code Sec. 911.2; Chapter 1.05, Riverside Municipal Code.)
3. Read entire claim form before filing.
4. See page 2 for diagram upon which to locate place of accident.
5. This claim form must be signed on page 2 at bottom.
6. Attach separate sheets, if necessary, to give full details.  SIGN EACH SHEET

TO:  CITY OF RIVERSIDE

Date of Birth of Claimant

Name of Claimant      Warren Smith

Occupation of Claimant      Retired

Home Address of Claimant      c/o 432 N. Arrowhead Ave.      City, State, and Zip      San Bernardino, CA 92401

Home Phone Number      (909) 381-1000

Business Address of Claimant      City, State, and Zip

Business Phone Number

Give address and telephone number to which you desire notices or communications to be sent regarding this claim:  Michael A. Scafiddi, Esq.  432 N. Arrowhead Ave.  San Bernardino, CA 92401

Email      dondra@scafiddilaw.com

When did DAMAGE, INJURY, or LOSS occur?
Date 12-16-2023 Time 1:48 am
If claim is for Equitable Indemnity, give date claimant served with the complaint.
Date:

Names of any City employees involved in DAMAGE, INJURY, or LOSS

See attached Exhibit "A"

Where did DAMAGE, INJURY, or LOSS occur?  Describe fully, and locate on diagram on reverse side of this sheet.  Where appropriate, give street names and addresses and measurements from landmarks:

See attached Exhibit "A"

Describe in detail how the DAMAGE, INJURY, or LOSS occurred.

See attached Exhibit "A"

Why do you claim the City is responsible?

See attached Exhibit "A"

Describe in detail each DAMAGE, INJURY, or LOSS

See attached Exhibit "A"

SEE PAGE 2 (OVER)

THIS CLAIM MUST BE SIGNED ON REVERSE SIDE

Page 1

CLAIM NO. _____

The amount claimed, as of the date of presentation of this claim, is computed as follows: *See attached Exhibit "A"*

DAMAGES or LOSS incurred to date (exact):

Damage to property . . . . . . . . . . . . . . . $_____

Expenses for medical and hospital care . $_____

Loss of earnings . . . . . . . . . . . . . . . . . . $_____

Special damages for . . . . . . . . . . . . . . . $_____

General damages . . . . . . . . . . . . . . . . . . $_____

   Total damages incurred to date . . . . . $_____

Estimated prospective DAMAGES or LOSS as far as known:

Future medical and hospital expenses . . . . . $_____

Future loss of earnings . . . . . . . . . . . . . . . . $_____

Other prospective special damages . . . . . . . $_____

Prospective general damages. . . . . . . . . . . . $_____

   Total estimated prospective damages . . . . $_____

Total amount claimed as of date of presentation of this claim: $ *See attached Exhibit "A"*

Was DAMAGE, INJURY, and/or LOSS investigated by police?_____If so, what agency?_____Report #_____

Were paramedics or ambulance called?_____If so, name agency or ambulance._____

If injured, state date, time, name and address of doctor of your first visit_____

*See attached Exhibit "A"*

WITNESSES to DAMAGE, INJURY, and/or LOSS: List all persons and addresses of persons known to have information. *See attached Exhibit "A"*

Name_____Address_____Phone_____

Name_____Address_____Phone_____

Name_____Address_____Phone_____

DOCTORS and HOSPITALS:

Hospital_____Address_____Date(s) Hospitalized_____

Doctor_____Address_____Date(s) of Treatment_____

Doctor_____Address_____Date(s) of Treatment_____

## READ CAREFULLY

For all accident claims, place on following diagram names of streets, including North, East, south, and West; indicate place of accident by "X" and by showing house numbers or distances to street corners. If City vehicle was involved, designate by letter "A" location of City Vehicle when you first saw it, and by "B" location of yourself or your vehicle when you

first saw City vehicle; location of City vehicle at time of accident by "A-1" and location of yourself or your vehicle at the time of the accident by "B-1" and the point of impact by "X".

NOTE: If diagrams below do not fit the situation, attach hereto a proper diagram signed by claimant.



SIDEWALK

CURB →

PARKWAY
SIDEWALK

CURB ↘

| Signature of Claimant or person filing on his/her behalf giving relationship to Claimant: | Type or Print Name: | Date: |
|---|---|---|
| *Michael A. Scafiddi* | Michael A. Scafiddi, Esq. | 4/30/2024 |

NOTE: CLAIMS MUST BE FILED WITH CITY CLERK (GOV. CODE SEC. 915a). Presentation of a false claim is a felony (Pen. Code Sec. 72)

Page 2

G:\DeptCommon\MASTERS\Claim Form Master_Rev. 2 102015.doc

# EXHIBIT "A"

1  LAW OFFICES OF MICHAEL A. SCAFIDDI
   MICHAEL A. SCAFIDDI, ESQ.   (SBN: 188567)
2  MEGAN E. SCAFIDDI, ESQ.   (SBN: 287506)
   432 North Arrowhead Avenue
3  San Bernardino, CA 92401
   Telephone:   (909) 381-1000
4  Facsimile:   (909) 381-1077

5  Attorneys for Claimants

6

7                    CLAIM FOR PERSONAL INJURIES

8                  (Under Government Code Section 910, et seq.)

9  TO:   CITY OF RIVERSIDE

10         YOU ARE HEREBY NOTIFIED that Claimant, WARREN SMITH, Survivor in Interest to

11  RYAN JOSEPH SMITH, Deceased, and ANGELA SMITH, Survivor in Interest to RYAN JOSEPH

12  SMITH, Deceased, who can be reached through their attorneys of record, Law Offices of Michael A.

13  Scafiddi, 432 N. Arrowhead Avenue, San Bernardino, California, 92401, claims damages they

14  suffered in an amount computed as of the date of the presentation of this claim in a sum within the

15  jurisdictional limit of the Superior Court.

16         WARREN SMITH and ANGELA SMITH, the Parents and Survivors in Interest of RYAN

17  JOSEPH SMITH, Deceased, claim damages for deprivation of civil rights, wrongful death, survivor

18  action, and negligent training and hiring that occurred on December 6, 2023 when Ryan was shot and

19  killed by officers who employed improper tactics, participated in an unlawful excessive use of force

20  and violated Ryan's civil rights. All of the claims for damages are within the jurisdictional limit of

21  the Superior Court.

22         This claim is based on an incident that occurred on or about December 6, 2023, in the City of

23  Riverside, County of Riverside, State of California, where the police shooting occurred. Since it was

24  an officer involved shooting, the City is well aware of the underlying facts.

25         The City of Riverside posted an Incident Report on social media which includes videos from

26  the in car camera, the contact officer's body camera and the cover officer's body camera. The video

27  shows the cover officer approaching the Decedent's stopped vehicle looking in the passenger front

28  window using his flashlight to illuminate the vehicle's interior. The video shows that the contact

                                                 1
                                       GOVERNMENT CLAIM

1  officer gave confusing and conflicting instructions to the Decedent, yelling "don't reach turn the car
2  off." It is not clear from the video whether the Decedent was moving his hands to turn the car off, as
3  he was instructed to do, or whether he was reaching for a weapon, as the officers allege. It appears in
4  the video that the Decedent put his hand up when instructed and it appears that the Decedent was
5  moving his hands to turn off the vehicle as instructed. The Decedent was killed in spite of his efforts
6  to comply with the confusing and conflicting instructions. The cover officer tells the Decedent to
7  turn the car off and then fires five (5) shots into Decedent's torso, killing him.

8        It also appears from the video that although the cover officer exclaims that there is a gun and
9  raised his weapon at about the same time, the contact officer appears to have holstered his gun and
10  walked calmly around the back of the vehicle. The actions of the contact officer suggest that there
11  was no imminent threat to anyone immediately prior to the officer firing into Decedent's body.

12        Contrary to the Incident Report which accuses Decedent of being gang affiliated, Claimant
13  WARREN SMITH, Decedent's father, avers that he has no knowledge that Decedent was ever
14  involved or associated with a gang. Decedent did have a lot of tattoos but that is not probative of
15  gang affiliation.

16        On December 6, 2023, the day that Decedent was shot, he was headed home and the incident
17  took place outside the apartment complex where he was staying. Decedent was not violating any law
18  while he was sitting in his car at the gate of the apartment complex when the police arrived on the
19  scene. At that time Decedent was visiting with his girlfriend, who was the person on the lease for the
20  apartment complex where the killing took place. Decedent had difficulty finding employment
21  because of his criminal background.  Decedent worked as a laborer in the kitchen at Claremont
22  College, and hee also did some freelance tattoo artwork.

23

24                                    **LEGAL BASIS OF CLAIM**

25        An arrested person who has been deprived of his or her constitutional rights through the use
26  of excessive force during an arrest by a state or local official under color of state law, ordinance,
27  regulation, custom, or usage, may bring an action for damages under Section 1983 of the Civil
28  Rights Act against that official in his or her personal capacity. The arrested person may also bring the

suit against a local official in his or her official capacity or against the municipality itself, when the municipality's policy or custom was the "moving force" behind the alleged constitutional violation.

A Section 1983 action claiming that police officers used excessive force in the course of making an arrest, investigatory stop, or other seizure of the person, is subject to the objective reasonableness standard of the Fourth Amendment, rather than a substantive due process standard or Eighth Amendment analysis. The Fourth Amendment standard involves a balancing of the intrusion on the individual's rights against the countervailing governmental interests. Although reasonableness must be judged from the perspective of the officer on the scene and the exigencies of the moment, the proper test is nevertheless an objective one and does not include consideration of the officer's underlying intent and motive.

Here, the intrusion into the Decedent's rights was absolute. The officer killed the Decedent depriving him of all rights for eternity. The exigencies of the situation did not demand immediate arrest. The Incident Video contends that there was an arrest warrant or warrants for Decedent's arrest, but police did not know that until after the shooting. Having an outstanding arrest warrant does not justify a lethal response.

# DEPRIVATION OF CIVIL RIGHTS

## U.S.C.42 U.S. CODE §1983

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

Here Decedent was deprived of his civil rights when the City of Riverside Police Officers detained Decedent and sought to arrest Decedent when Decedent was parked in his vehicle. The

1  video shows that the contact officer gave confusing and conflicting instructions to Decedent yelling

2  "don't reach, turn the car off."

3       It is not clear from the video whether Decedent was moving his hands to turn the car off, as

4  he was instructed to do, or whether he was reaching for a weapon, as the officers allege.

5       The Incident Video appears to show the cover officer yelling commands to Decedent while

6  the contact officer appears calm as if Decedent did not pose any threat. The use of force shown in the

7  Incident Video was excessive. The instructions to don't reach turn off the car were imprecise and

8  confusing. Very little time elapsed between the time the cover officer shouted instructions and when

9  the cover officer fired five rounds into Decedent's chest, killing him. Decedent had no chance to

10 comply. If Decedent complied with the instruction to turn off the car he was required to reach. If

11 Decedent reached, he would be executed.  Decedent had no possible way to comply with the cover

12 officer's demands in the fraction of a second that elapsed between the shouted instructions and the

13 officer's hail of gunfire.

14

15                                       **WRONGFUL DEATH**

16      On or about December 6, 2023, CITY OF RIVERSIDE police officers, and each of them,

17 undertook to arrest and seize the body of Decedent, RYAN JOSEPH SMITH.

18      At said time and place, as aforesaid, CITY OF RIVERSIDE police officers, and each of

19 them, so negligently, carelessly, recklessly, wantonly, and unlawfully by use of excessive force,

20 directly and proximately caused death to the Decedent.

21      At all times herein mentioned, Claimants, WARREN SMITH and ANGELA SMITH were

22 the Decedent's parents and sole heirs and this claim is brought for the benefit of said heirs. Decedent

23 was born on July 8, 1989. At the time of his death, Decedent was 35 years of age, was not married,

24 and did not have any children.

25      As a direct and proximate result of the negligence, carelessness, recklessness, wantonness

26 and unlawfulness of the CITY OF RIVERSIDE police officers, and each of them, CITY OF

27 RIVERSIDE police Officers caused Decedent's death, as aforesaid.  Decedent was killed as a result

28 of the excessive force used.

1    As a direct and proximate result of the conduct of the CITY OF RIVERSIDE police officers,

2    and each of them, and of the death of Decedent, Claimants have been deprived of the society and

3    comfort of said Decedent and of Decedent's future services, earnings and protection, to their great

4    loss and damage in an amount to be shown according to proof.

5    As a direct and proximate result of the conduct of CITY OF RIVERSIDE police officers, and

6    each of them, and the resulting death, as aforesaid, Claimants have been compelled to incur expenses

7    as well as other special damages, all to the damage of these Claimants, in an amount to be shown

8    according to proof.

9

10    **ACTION FOR SURVIVORSHIP**

11    At all times herein mentioned, Decedent survived for approximately two (2) hours from the

12    time of shooting to the time of his death. As such, the Claimants have the right to bring this action

13    for and on behalf of Decedent and his legal and lawful heirs.

14    As a direct and legal result of the carelessness, and excessive force used by the CITY OF

15    RIVERSIDE police officers, as more particularly set forth herein, and the death that ensued, the

16    Claimants have sustained severe, permanent, and emotional injuries resulting in their general damage

17    in an amount to be determined according to proof at the time of trial.

18    As a further direct and legal result of the carelessness, and excessive force used by CITY OF

19    RIVERSIDE police officers as more particularly set forth herein, and the death that ensued, the

20    Claimants have suffered general and/or compensatory damages arising from the loss of love, society,

21    comfort, affection, companionship, attention, protection, and family bonds all in an amount to be

22    determined according to proof at the time of trial.

23    As a further direct and legal result of the carelessness, and excessive use of force of CITY OF

24    RIVERSIDE police officers, as more particularly set forth herein, and the death that ensued, the

25    Claimants have incurred funeral and memorial expenses, all to their economic and/or special damage

26    in an amount to be determined according to proof at the time of trial.

27    /////

28    /////

## NEGLIGENCE CLAIMS

*Civil Code* section 1708 states:

"Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his or her rights."

*Civil Code* section 1714 states:

"(a)    Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself. The design, distribution, or marketing of firearms and ammunition is not exempt from the duty to use ordinary care and skill that is required by this section. The extent of liability in these cases is defined by the Title on Compensatory Relief."

At all times herein mentioned and prior to January 9, 2014, Defendants CABRERA, LEON, CITY OF RIVERSIDE had a duty to properly hire, train, and supervise employees, such as the contact and cover officers that executed Decedent.

CITY OF RIVERSIDE police officers, and each of them, failed to, among other things, develop, implement, and enforce policies regarding the proper supervision and training of its employees responsible for patrolling the CITY OF RIVERSIDE.

In addition, CITY OF RIVERSIDE police officers, and each of them acted with a conscious disregard for the safety of the motoring public when they knowingly allowed the contact and cover officers that executed Decedent to conduct uniformed armed patrol and police duties.

CITY OF RIVERSIDE police officers, and each of them, acted with a conscious disregard for the safety of the public when they knowingly allowed the contact and cover officers that executed Decedent to conduct uniformed armed patrol and police duties.

As a direct and legal result of the carelessness, and/or recklessness, and/or negligence of CITY OF RIVERSIDE police officers, and each of them, Claimants suffered from severe emotional distress, all to Claimants' general damage in a sum to be determined according to proof at the time of trial.

As a direct and legal result of the carelessness, and/or recklessness, and/or negligence of CITY OF RIVERSIDE police officers, and each of them, Claimants incurred, reasonable and

/////

1  necessary medical expenses, all to Claimants' special damages in a sum to be determined according

2  to proof at the time of trial.

3        The conduct of the contact and cover officers was intentional, malicious, despicable, and

4  done with a conscious disregard for the safety of the of the Decedent. Accordingly, the Claimants

5  may seek an award of punitive damages, all in a sum to be determined according to proof at the time

6  of trial.

7

8  DATED: April 30, 2024                    LAW OFFICES OF MICHAEL A. SCAFIDDI

9

10                                        By: _Michael A. Scafiddi_

11                                        MICHAEL A. SCAFIDDI, ESQ.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7
**GOVERNMENT CLAIM**

# EXHIBIT "C"



Office of the
City Clerk

*City of Arts & Innovation*

June 24, 2024

Law Offices of Michael A. Scafiddi
Attn: Michael A. Scafiddi, Esq.
432 N. Arrowhead Ave.
San Bernardino, CA 92401

Re:     Claim of:     Angela Smith
        Date of Loss: 12/6/2023
        Claim No.     24-05-23

## NOTICE OF CLAIM REJECTION

Dear Michael A. Scafiddi, Esq.:

We received and investigated your claim presented to the City Clerk on May 14, 2024. Unfortunately, your claim was rejected on June 24, 2024. In accordance with California Government Code Section 913, we are required to present the following language as part of this rejection notice:

## ATTENTION

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6. This time limitation does not apply to the filing of federal causes of action, which may have shorter time limitations.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

We are unable to detail the specific reasons for the rejection via this correspondence. We recognize that you may have questions as to the nature of the rejection. Please contact the Office of the City Attorney at 951-826-5896 with such questions, or for additional information.

Sincerely,

DONESIA GAUSE, MMC
City Clerk

3900 Main Street, Riverside, CA 92522 | Phone: (951) 826-5557 | RiversideCA.gov

**PROOF OF SERVICE**

*STATE OF CALIFORNIA, COUNTY OF RIVERSIDE*

I am employed in the county aforesaid; I am over the age of 18 years and not a party to the within above-entitled action; my business address is 3900 Main Street, Riverside, California 92522.

On <u>June 24, 2024</u>, I served the within:

**NOTICE OF CLAIM REJECTION**

on the interested parties in said action addressed as follows:

|  |  |
|---|---|
| **NAME** | Law Offices of Michael A. Scafiddi |
|  | Attn: Michael A. Scafiddi, Esq. |
| **ADDRESS** | 432 N. Arrowhead Ave. |
|  | San Bernardino, CA 92401 |

( XX )  **VIA MAIL** - In accordance with the regular mail collection and processing practices of this business office, with which I am familiar, by means of which mail is deposited with the United States Postal Service at Riverside, California, that same day in the ordinary course of business, I deposited such sealed envelope for collection and mailing on this same date following ordinary business practices pursuant to Civil Code Proc. § 1013(a).

(    )  **VIA E-MAIL – ELECTRONIC TRANSMISSION** - I transmitted a copy of the document from e-mail address notifications@origamirisk.com to the person at the e-mail address listed above. No error message was received within a reasonable period of time after the transmission, nor any electronic message or other indication that the transmission was unsuccessful.

(    )  **PERSONAL** - I caused such envelope to be delivered by hand to the above-listed addressee pursuant to Civil Code Proc. § 1011.

(    )  **VIA OVERNIGHT DELIVERY** - I caused such envelope to be delivered by hand to the office of the addressee via overnight delivery pursuant to Civil Code Proc. § 1013(c). Said document was deposited at the box regularly maintained by said express service carrier on the date set forth above.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on <u>June 24, 2024</u>, at Riverside, California.

Alissa Castillo

# EXHIBIT "D"



Office of the
City Clerk

City of Arts & Innovation

June 24, 2024

Law Offices of Michael A. Scafiddi
Attn: Michael A. Scafiddi, Esq.
432 N. Arrowhead Ave.
San Bernardino, CA 92401

Re:    Claim of:    Warren Smith
       Date of Loss: 12/6/2023
       Claim No.    24-05-25

## NOTICE OF CLAIM REJECTION

Dear Michael A. Scafiddi, Esq.:

We received and investigated your claim presented to the City Clerk on May 14, 2024. Unfortunately, your claim was rejected on June 24, 2024. In accordance with California Government Code Section 913, we are required to present the following language as part of this rejection notice:

### ATTENTION

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6. This time limitation does not apply to the filing of federal causes of action, which may have shorter time limitations.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

We are unable to detail the specific reasons for the rejection via this correspondence. We recognize that you may have questions as to the nature of the rejection. Please contact the Office of the City Attorney at 951-826-5896 with such questions, or for additional information.

Sincerely,

DONESIA GAUSE, MMC
City Clerk

3900 Main Street, Riverside, CA 92522 | Phone: (951) 826-5557 | **RiversideCA.gov**

**PROOF OF SERVICE**

*STATE OF CALIFORNIA, COUNTY OF RIVERSIDE*

I am employed in the county aforesaid; I am over the age of 18 years and not a party to the within above-entitled action; my business address is 3900 Main Street, Riverside, California 92522.

On <u>June 24, 2024</u>, I served the within:

**NOTICE OF CLAIM REJECTION**

on the interested parties in said action addressed as follows:

| | |
|---|---|
| **NAME** | Law Offices of Michael A. Scafiddi |
| | Attn: Michael A. Scafiddi, Esq. |
| **ADDRESS** | 432 N. Arrowhead Ave. |
| | San Bernardino, CA 92401 |

( XX ) **VIA MAIL** - In accordance with the regular mail collection and processing practices of this business office, with which I am familiar, by means of which mail is deposited with the United States Postal Service at Riverside, California, that same day in the ordinary course of business, I deposited such sealed envelope for collection and mailing on this same date following ordinary business practices pursuant to Civil Code Proc. § 1013(a).

(   ) **VIA E-MAIL – ELECTRONIC TRANSMISSION** - I transmitted a copy of the document from e-mail address notifications@origamirisk.com to the person at the e-mail address listed above. No error message was received within a reasonable period of time after the transmission, nor any electronic message or other indication that the transmission was unsuccessful.

(   ) **PERSONAL** - I caused such envelope to be delivered by hand to the above-listed addressee pursuant to Civil Code Proc. § 1011.

(   ) **VIA OVERNIGHT DELIVERY** - I caused such envelope to be delivered by hand to the office of the addressee via overnight delivery pursuant to Civil Code Proc. § 1013(c). Said document was deposited at the box regularly maintained by said express service carrier on the date set forth above.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on <u>June 24, 2024</u>, at Riverside, California.

_____

Alissa Castillo